# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

LAS VEGAS SANDS, LLC, *a Nevada Limited Liability Company doing business as* Venetian Resort Hotel Casino,

        Plaintiff,

vs.

AMINE T. NEHME,

        Defendant.

Case No.: 2:07-cv-01012-GMN-RJJ

**ORDER**

    This lawsuit arises out of Defendant's alleged failure to repay a marker that was issued to him at Plaintiff's Venetian Resort Hotel Casino. On February 13, 2009, Judge Sandoval granted summary judgment to Defendant on Plaintiff's unjust enrichment claim, but granted Plaintiff's Motion for Summary Judgment on its claims that Defendant failed to pay a negotiable instrument and breached his contract with Plaintiff. (*See* Order, ECF No. 33.) Defendant timely appealed the award of summary judgment to Plaintiff on both of those claims.

    The Ninth Circuit reversed Judge Sandoval's order as to those two claims, determining that the court had applied the improper standard when determining whether to consider certain exhibits offered by Defendant and that the error was not harmless. *See Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526 (9th Cir. 2011). The Ninth Circuit then remanded the lawsuit to this Court for further proceedings, "including its determining whether the Bennett letter and its return receipt are admissible under Federal Rule of Evidence 901(b)(4), and if so, whether Nehme can prevail on his affirmative defense against the Venetian based on an alleged material breach of the credit application agreement." *Id.* at 539.

    The Court requested briefing from the parties as to these matters and subsequently

reviewed Plaintiff's resulting Motion to Determine Inadmissibility of Certain Documents (ECF No. 59); Defendant's Response (ECF No. 60); and Plaintiff's Reply (ECF No. 61). For the reasons that follow, the Court determines that the Bennett letter and return receipt are admissible and that there are therefore sufficient questions of material fact to warrant a trial on the merits. Plaintiff's instant Motion (ECF No. 59) will therefore be denied and the February 13, 2009 Order (ECF No. 33) entering summary judgment in favor of Plaintiff will be vacated to the extent it conflicts with this Order.

## I. BACKGROUND

Defendant applied for a line of credit with Plaintiff in March of 2004 by filling out Plaintiff's standard credit application agreement. When he signed the credit application, Defendant "agree[d] to repay all loans and draws against [his] credit line in accordance with the terms agreed to in [his] credit file." *Nehme*, 632 F.3d at 530. The credit application also specified that "[t]he Venetian Resort-Hotel-Casino endorses responsible gaming. We will cancel or reduce your credit line upon your request." *Id.*

Plaintiff approved Defendant for a credit line of $200,000 in March of 2004 and that line was swiftly raised to $500,000 by July of 2004. Defendant gambled at Plaintiff's casino several times in 2004 and 2005. However, on February 8, 2005, a "Leon F. Bennett," who purported to be Defendant's attorney, mailed a letter to Plaintiff on behalf of Defendant, requesting that all credit lines established by Defendant or on his behalf be terminated. Defendant then paid off all of his outstanding debts to Plaintiff by August of 2005.

On September 5, 2005, Defendant signed a marker for $500,000 payable to Plaintiff. Nothing in the record suggests that Defendant completed a new credit application prior to receiving that marker, nor is there any evidence suggesting that Defendant withdrew his attorney's February 8, 2005 letter. Defendant subsequently lost the bulk of the $500,000 playing blackjack and left Plaintiff's casino with slightly more than $150,000 in unredeemed

chips.  Plaintiff now claims that Defendant owes it $499,000 ($500,000 minus the $1,000 that Defendant provided Plaintiff as a deposit) plus interest on the unpaid marker.

Plaintiff brought suit against Defendant alleging: (1) failure to pay a negotiable instrument (the $500,000 casino marker); (2) breach of contract (the marker and the credit application agreement); and (3) unjust enrichment.  Judge Sandoval granted Defendant's request for summary judgment (ECF No. 29) on Plaintiff's unjust enrichment claim on the basis that such a claim is unavailable if a written contract exists that governs the relationship and duties of the parties.

With regard to Plaintiff's own Motion for Summary Judgment (ECF No. 22) as to its other two claims, Defendant contended that an issue of material fact was raised by the February 8, 2005 letter from Mr. Bennett and the return receipt from the U.S. Postal Service indicating that the letter had been received by someone at the Venetian on February 11, 2005.  Specifically, Defendant argued that those exhibits raised an issue of material fact as to whether Plaintiff breached the credit application agreement by failing to cancel Defendant's credit line and issuing him the $500,000 marker after Mr. Bennett had sent Plaintiff the February 8, 2005 letter requesting that the credit line be terminated.

However, Judge Sandoval did not consider those two pieces of evidence, finding that they were inadmissible because they had not been authenticated by a competent witness with personal knowledge of their authenticity.  On appeal, the Ninth Circuit explained that the court had applied the incorrect legal standard and that the Bennett letter and return receipt "could be authenticated by their distinctive characteristics under Federal Rule of Evidence 901(b)(4)." *Nehme*, 632 F.2d at 534.

**II.     ANALYSIS**

    **A.     The Previously-Excluded Exhibits May Be Considered**

Federal Rule of Evidence 901(b)(4) provides that a piece of evidence may be

authenticated based on its "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." In light of this Rule, the Ninth Circuit looked to the contents of the Bennett letter and its return receipt and pronounced:

> In this respect, the Bennett letter was dated February 8, 2005, written on the letterhead of an attorney who stated he represented Nehme, addressed to Mr. Morcos at the Venetian, and printed a reference to the same certified mail number that is on the postal service return receipt. The return receipt is date stamped February 11, 2005, three days after the letter's date, is also addressed to Mr. Morcos at the Venetian, and purports to be a "Domestic Return Receipt" for certified mail carrying the same certified mail number as does the Bennett letter. These characteristics could be sufficient to support a finding the Bennett letter was sent to the Venetian on February, 8, 2005, and was received by the Venetian on February 11, 2005.

*Nehme*, 632 F.2d at 533-34. In other words, the Ninth Circuit explained that the unique characteristics of the letter and U.S. Postal Service return receipt are sufficient to authenticate them such that they may be considered for the purposes of a motion for summary judgment.

This Court agrees with the Ninth Circuit's analysis and finds that these two exhibits are sufficiently authenticated by their contents and distinctive characteristics to warrant their consideration with regard to Plaintiff's Motion for Summary Judgment (ECF No. 22) and Defendant's Counter Motion for Summary Judgment (ECF No. 29). The Bennett Letter bears distinctive letterhead that identifies it as being sent from "The Law Offices of Leon F. Bennett"; the letter is addressed to Manny Morcos, who testified at his deposition that he was a director of player development at the Venetian, (*see* Ex. C, Mot. to Reconsider, ECF No. 34); the substance of the letter concerns Defendant's credit lines with Plaintiff; and the letter bears the Certified Mail number 7003 1010 0003 5004 2866, which is the same number printed on the U.S. Postal Service receipt. (*See* Ex. 1, Resp., ECF No. 60.) Given these distinctive aspects of the letter and the external circumstances at the time of its creation--Mr. Morcos was, indeed, employed by Plaintiff and Defendant had credit lines with Plaintiff--this letter can be deemed

authentic for the purposes of evaluating the Motions for Summary Judgment.

Similarly, the U.S. Postal Service return receipt can be considered. The receipt bears the same Certified Mail number as the Bennett Letter; the receipt states that the article to which it refers was addressed to Mr. Morcos at the Venetian in Las Vegas, Nevada and sent by the law office of Leon F. Bennett[1]; the receipt indicates that the article was delivered three days after the Bennett Letter was composed; and it is signed by someone who purportedly worked for Plaintiff at the Venetian.[2] (*See* Ex. 1, Resp., ECF No. 60.) Given these distinctive aspects of the receipt and the external circumstances at the time of its creation--Mr. Marcos was, indeed, employed by Plaintiff and Mr. Bennett had drafted a letter bearing the same Certified Mail number--this receipt can be deemed authentic for the purposes of evaluating the Motions for Summary Judgment.

Although Plaintiff contends that these exhibits cannot be deemed authentic in light of the fact that several of Plaintiff's officers and employees have testified that they did not actually receive the letter from Mr. Bennett until December of 2005, (*see* Mot. 3:21-23, ECF No. 59), that testimony will go to the weight that should be afforded to the evidence at trial--it does not preclude the evidence from being deemed authentic for the purposes of evaluating a motion for summary judgment.

### B.     Summary Judgment Is Inappropriate

As the Ninth Circuit explained at length, consideration of the Bennett letter and the

---

[1] After Plaintiff argued that the return receipt could not be admitted as a duplicate because the proffered exhibit did not picture the second side of the return receipt, (*see* Mot. 6:16-7:23, ECF No. 59), Defendant attached an exhibit picturing both sides of the receipt, (*see* Ex. 1, Resp., ECF No. 60). Plaintiff does not address this exhibit in its Reply (ECF No. 61) and, indeed, appears to ignore it, writing "[Defendant] did nothing in his opposition to address or cure this deficiency," (Reply 3:19-20, ECF No. 61).

[2] Plaintiff challenges this signature because it "does not appear to present a signature that corresponds with RIGO," which was the printed named the purported signatory provided just above it. (*See* Mot. 10:22-24, ECF No. 59.) However, it is hardly clear that the printed name--"RIGO"--and the signature do not correspond. The signature is composed of two short, four- to five-letter words, both of which arguably begin with "R"s. Further, the first word appears to begin with "Rig," though the last letter or letters are difficult to discern. Plaintiff is welcome to pursue this argument further at trial, but it is of no consequence here.

related return receipt raise issues of material fact with regard to both the failure to pay a negotiable instrument claim and the breach of contract claim. *See Nehme*, 632 F.3d at 535-39. With regard to the failure to pay a negotiable instrument claim, these exhibits "raise a triable issue of fact as to whether [Plaintiff] was obligated, per the terms of the credit application agreement, to cancel [Defendant's] credit in February 2005—seven months before Nehme signed the marker for $500,000, the full extent of his credit line at the Venetian." *Id.* at 537. Thus, Plaintiff is not entitled to summary judgment on the failure to pay a negotiable instrument claim.  Nor is Defendant entitled to summary judgment on this claim, as "[t]here is a triable issue of fact as to whether [the] credit cancellation promise, as the only express promise that [Plaintiff] made to [Defendant] on the face of the credit application agreement, is a material term of the bilateral contract between [Defendant] and [Plaintiff]." *Id.* at 536.

Similarly, neither party is entitled to summary judgment on the breach of contract claim because:

> [A] triable issue of fact remains as to whether [Plaintiff] materially breached the credit application agreement by not cancelling [Defendant]'s credit upon receipt of the Bennett letter and thereby discharged [Defendant]'s obligation under the credit application. Moreover, a triable issue of fact remains as to whether the marker related to the same bilateral contract as the credit application agreement.

*Id.* at 539.  Accordingly, both parties' Motions for Summary Judgment as to these claims should have been denied.  The February 13, 2009 Order (ECF No. 33) will be vacated to the extent that it conflicts with this ruling.  Judge Sandoval's ruling with regard to Plaintiff's unjust enrichment claim is unaffected by the instant Order.

The fact that Defendant did not explicitly plead breach of contract as an affirmative defense in his Answer does not change the outcome of this Order.  As the Ninth Circuit has explained, "[a]though Rule 8 requires affirmative defenses to be included in responsive

pleadings, absent prejudice to the plaintiff, the district court has discretion to allow a defendant to plead an affirmative defense in a subsequent motion." *Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1023 (9th Cir. 2010).  There has been no showing of prejudice here and Plaintiff has been afforded ample opportunity to respond to Defendant's breach of contract defense.  Further, Defendant's Answer gives Plaintiff notice of the type of defense that Defendant would be pursuing, stating "Defendant does not owe a legal duty or obligation to Plaintiff that would Subject [sic] Defendant to liability to Plaintiff for the claims and damages alleged in the Complaint." (Answer 3 ¶ 2, ECF No. 5.)  Accordingly, Defendant may continue to pursue his breach of contract affirmative defense.

## CONCLUSION

**IT IS HEREBY DETERMINED** that the Bennett Letter and the return receipt produced by Defendant are admissible under Federal Rule of Evidence 901(b)(4).

**IT IS FURTHER DETERMINED** that those two documents create material issues of fact with regard to Plaintiff's failure to pay a negotiable instrument and breach of contract claims.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 22) as to its failure to pay a negotiable instrument and breach of contract claims is **DENIED**. The **Order at ECF No. 33 is VACATED** to the extent that it conflicts with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Determine the Inadmissibility of Certain Documents (ECF No. 59) is **DENIED**.

DATED this 21st day of July, 2011.

_____
Gloria M. Navarro
United States District Judge